Minute Order Form (06/97)

JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8312 | **DATE** | 12/3/2002 |
| **CASE TITLE** | John W. Ellis vs. Jewel Food Stores, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Jewel Food Stores, Inc.'s Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, Jewel Food Stores, Inc.'s Motion for Summary Judgment [18-1] is GRANTED. All other motions are moot and terminated. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 11 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 24 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | 02 DEC 10 AM 11:16 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN W. ELLIS, )
)
        Plaintiff, )
) No. 01 C 8312
v. )
) HONORABLE DAVID H. COAR
JEWEL FOOD STORES, INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

The plaintiff, John W. Ellis ("plaintiff" or "Ellis"), filed a complaint in this Court alleging employment discrimination by his employer Jewel Food Stores, Inc. ("defendant" or "Jewel"). Before this court is the motion of the defendant for summary judgment in its favor. For the reasons set forth below, summary judgment is granted.

### I.   Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed. 2d 202 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511.

## II. Factual Background

Jewel is a food retailer that operates a chain of retail supermarkets and a distribution center within the state of Illinois. Plaintiff has been employed by Jewel from 1981 to the present time. Plaintiff is a security officer assigned to provide security and loss prevention services at the various retail supermarkets operated by defendant. Plaintiff's date of birth is May 3, 1938. At the time of the incident that forms the basis of his Complaint, plaintiff was 61 years of age.

On March 17, 1999, while working as a security officer at store #6057, plaintiff was involved in a verbal altercation with another Jewel employee, a truck driver (Steve Ozelis) who had been making a delivery at that store. They exchanged words in a dispute over whether plaintiff would provide security for the driver by stationing himself outside the store while Mr. Ozelis unloaded the truck. When plaintiff declined to step outside the store, Mr. Ozelis stated: "All you motherfuckers are the same. Lazy motherfuckers." When plaintiff reported the incident in a written statement, he stated, "I would hate to think this was personal and his comment 'you lazy motherfuckers' was intended for security officers. Being he's White and I am Black this could be an issue." Driver Ozelis' supervisors in Jewel's Transportation Department interviewed Mr. Ozelis and he was orally reprimanded for his use of abusive language toward a coworker. He was warned that such misconduct would not be condoned. A little over two months later (on May 27, 1999), plaintiff wrote to Jewel management complaining about the March 17 incident and asserting that "this incident was racial and the language was very derogatory, abusive and directed to a group." Following the receipt of plaintiff's letter, the investigation was reopened and Mr. Ozelis was re-interviewed. He stated that he had intended his remarks about "you lazy motherfuckers" to refer to security officers in general, and not to Black people. Plaintiff was informed of Mr. Ozelis' explanation and of the fact that he had been disciplined.

In September of 1999, plaintiff was working as a security officer in a different store, store #4938. On September 23, 1999, store # 4938 Co-Manager Jose De Jesus received a telephone call from a security officer at the neighboring K-Mart Store, reporting that on the prior evening a Jewel security officer had chased a shoplifting suspect out of the store and had pursued him in a vehicle around to the side of the store. The caller stated that the Jewel security officer had struck

-3-

the suspect with his vehicle. Plaintiff was the security officer who pursued the shoplifter at store #4938 on the evening of September 22, 1999. He wrote an Incident Report which states that the offender ran out of the store and ran around the Jewel building. Plaintiff wrote "I went in the opposite direction behind Jewel...I caught up to him." Plaintiff also noted that "K-Mart Security came down."

Jewel has an established written policy and rule forbidding security officers from pursuing suspects outside the stores. Defendant's Security/Loss Prevention Manual instructs security officers as follows: "Do not pursue an offender off the premises. If he/she flees, make a mental note of his/her description and notify police." The Manual also instructs: "Avoid any situation that may be dangerous to you or your customers – such as chasing a suspect through the store or mall." The Manual also explains that the company's positions "is that we are never to pursue a fleeing offender. The product is not worth the risk of injury to yourself or a bystander." One of plaintiff's duties as a security officer is to prepare written reports of security incidents and to make those reports as complete and accurate as possible.

District Loss Prevention Manager Diego Flores interviewed plaintiff on October 1, 1999 to obtain more information on the incident than was contained in plaintiff's initial report. At Flores' insistence, plaintiff prepared a second written Incident Report concerning the September 22 incident. Flores expressed dissatisfaction with that Incident Report on the ground that it still did not cover all of the essential details of the incident. He ordered plaintiff to write out another statement to include all of the essential facts. Flores contacted his superior, Buvern Francisco, Jr., by telephone. Francisco attempted to persuade plaintiff to write out another, more complete report. He warned plaintiff that a continued refusal to do so would be considered insubordinate.

Plaintiff refused to comply. Francisco then instructed Flores to place plaintiff on suspension for insubordination and for failing to follow the Company's shoplifter non-pursuit policy.

Plaintiff filed a charge of unlawful employment practice on or about December 13, 1999 with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been discriminated against on or about October 1, 1999 on the basis of age and retaliation for filing a previous charge alleging disability discrimination (which was subsequently settled) and for writing a letter on May 27, 1999 complaining of the incident with Ozelis. The EEOC sent plaintiff a Notice of Right to Sue dated July 30, 2001. Plaintiff alleges that he received the Notice on August 6, 2001. Defendant received a copy of that Notice from the EEOC on August 2, 2001. Plaintiff submitted his Complaint to the Clerk of this Court with a request to proceed in forma pauperis on October 30, 2001. This Court granted that motion and filed the Complaint on November 14, 2001. In his Complaint, plaintiff alleges that the defendant discriminated against him based on his Age and Religion and further alleges that defendant failed to accommodate his religion and unspecified alleged disabilities.

### III. Discussion

Plaintiff's complaint in this Court differs from his Charge of Discrimination in that he is now claiming discrimination based on religion and disability in addition to age and he has omitted his claim of retaliation, conceding that the actions for which he is claiming retaliation were too remote in time to support his claim. In general, a Title VII plaintiff may not bring claims in a lawsuit that were not included in his EEOC charge. Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994). This rule serves two purposes: (1) permitting the EEOC to

investigate claims, so that there will be an opportunity before the plaintiff files suit "to settle the dispute through conference, conciliation and persuasion"; and (2) giving the employer "some warning of the conduct about which the employee is aggrieved." Id. Nevertheless, a Title VII plaintiff need not allege in his EEOC charge each and every fact underlying each claim in his complaint. Id. Rather, all claims set forth in a complaint are cognizable that are "like or reasonably related to the allegations of the charge" and can reasonably be expected to grow out of such allegations. Id. (quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976) (en banc) (citation omitted)). "The standard is a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." Babrocky v.. Jewel Food Co., 773 F.2d 857, 864 (7th Cir.1985).

In this case, the Court can not construe plaintiff's Charge of Discrimination which alleges age discrimination and retaliation to encompass religion. Religion is never mentioned in the Charge and is not reasonably related to a claim based on age discrimination.[1] Disability is mentioned as a basis for retaliation in that plaintiff filed a Charge of Discrimination on July 30, 1996 alleging disability discrimination. That Charge was settled on October 29, 1996 and the plaintiff has withdrawn his claim of retaliation. Thus, it is unclear how a claim of disability discrimination is reasonably related to the charge of age discrimination.[2] Accordingly, the only claim properly before this Court is plaintiff's allegation of age discrimination.

---

[1] In addition, the plaintiff has not come forth with any facts to establish a claim of religious discrimination. The plaintiff has not specified which religious group he belongs to or that his employer knew of his religious affiliation.

[2] Just as in his claim for religious discrimination, plaintiff has not come forth with any facts to establish his claim of disability discrimination. Plaintiff has not specified the nature of his disability nor the way in which his employer failed to accommodate such a disability.

Plaintiff brought a claim against Jewel, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., alleging that his suspension was due to his age. The ADEA makes it illegal for an employer to "discharge any individual ... because of [the] individual's age." 29 U.S.C. § 623(a)(1). It is the purpose of the ADEA "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). A plaintiff seeking relief under the ADEA must establish that he would not have been treated adversely by his employer "but for" the employer's motive to discriminate against him because of his age. See O'Connor v. DePaul Univ., 123 F.3d 665, 669 (7th Cir.1997).

An ADEA plaintiff may prove age discrimination with either direct or circumstantial evidence. See Adreani v. First Colonial Bankshares Corp., 154 F.3d 389, 393 (7th Cir.1998). In this case there is no direct evidence of age discrimination. Accordingly, plaintiff may attempt to establish his case with circumstantial evidence by relying on the familiar McDonnell Douglas burden-shifting model. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The McDonnell Douglas framework necessitates a three-step inquiry. First, a plaintiff must establish, by a preponderance of the evidence, a prima facie case of discrimination. In order to establish a prima facie case of discrimination under the ADEA, Ellis must establish that: (1) he is a member of the protected class of persons over forty years of age; (2) he was doing his job well enough to meet his employer's legitimate expectations; (3) he was subject to an adverse employment action; and (4) similarly situated younger employees were treated more favorably. See Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir.

2002). If the plaintiff makes out a prima facie case, a presumption of discrimination arises, and the burden shifts to the defendant to come forward with evidence of a "legitimate, nondiscriminatory reason" for discharging the plaintiff. Finally, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."
Wilson v. AM Gen. Corp., 167 F.3d 1114, 1119-20 (7th Cir.1999) (citations omitted). Pretext means more than a mistake on the part of the employer; pretext "means a lie, specifically a phony reason for some action." Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir.1995). There are two methods of showing pretext: "Pretext may be established directly with evidence that [the employer] was more likely than not motivated by a discriminatory reason, or indirectly by evidence that the employer's explanation is not credible." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1039 (7th Cir. 1993) (citations omitted).

In this case, plaintiff can not make out a prima facie case of discrimination. it is undisputed that plaintiff is a member of a protected class. It is also undisputed that he was subjected to an adverse employment action, i.e. the suspension. Plaintiff contends that he was doing his job well enough to meet the legitimate expectations of his employer. The evidence, however, shows that plaintiff refused to comply with repeated direct orders to supply another and more complete written statement of the incident on September 23. Writing reports is one of the plaintiff's job duties. Even if the plaintiff were meeting the legitimate expectations of his employer, there is no evidence to suggest that plaintiff was treated more harshly than any similarly-situated coworkers who were younger. Plaintiff identifies one comparative employee, Mike Perkins, who plaintiff's affidavit asserts "failed to execute proper shoplifting procedures

and was citing for being insubordinate but was not suspended." No further facts are asserted and no basis is cited for plaintiff's naked assertion as to what occurred regarding Perkins. To meet his burden of demonstrating that another employee is "similarly situated," Ellis must show that there is someone who is directly comparable to him in all material respects. Patterson, 281 F.3d at 680; Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir.2000); Spath v. Hayes Wheel's Int'l-Ind., Inc., 211 F.3d 392, 396 (7th Cir. 2000). Perkins was a security manager at the time of his misconduct. Perkins was demoted from security manager (a supervisory position) to security officer for exercising "poor judgment" in apprehending an apparent shoplifter. Perkins violated company policy by failing to wait until the apparent shoplifter had passed the last purchase point in the store before detaining him. In all material respects, Perkins is not comparable to Ellis. Perkins was a security manager while Ellis was a security officer. Perkins was disciplined for violating company policy regarding when a potential shoplifter should be apprehended while Ellis was disciplined for insubordination and violating company policy regarding the pursuit of shoplifters out of the store. Furthermore, a demotion can be viewed as more severe punishment than a 7-day suspension, so plaintiff has not shown that Perkins was treated more leniently that Ellis.

Even if Ellis could make out a prima facie case, he has not shown that Jewel's asserted reason for suspending him – that he violated policy by chasing the suspect off the store's premises and that he was insubordinate in refusing to write a full, revised account of the incident – is a pretext for age discrimination (or any other prohibited discrimination). By his own account, plaintiff has admitted that he pursued the offender around the back of the store in violation of company policy. Regarding the offense of insubordination, plaintiff admitted that he

did refuse the order to write out yet another report of the incident. Plaintiff seeks to justify that refusal by contending that he was refusing to add untrue details that his supervisors wanted him to include in the report. Even if that were true, the fact remains that his supervisors were directing him to rewrite the report and he refused to obey those orders. The test of pretext is whether the employer honestly believes the asserted basis for the discipline. The record is clear that the employer sincerely believed that plaintiff had violated the non-pursuit policy and that plaintiff had refused direct orders to rewrite his report of the incident. Thus, plaintiff is unable to demonstrate the employer's proffered reason for suspending the plaintiff was pretextual

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is granted.

Enter:

_____
David H. Coar
United States District Judge

Dated: December 3, 2002